UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN BARNHART, | Civil Action No.: 18-11753 |
| | Honorable Matthew F. Leitman |
| | Magistrate Judge Elizabeth A. Stafford |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION ON CROSS-
<u>MOTIONS FOR SUMMARY JUDGMENT [ECF No. NOS. 16, 21]</u>**

Plaintiff Michael Martin Barnhart appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is not supported by substantial evidence, and thus **RECOMMENDS** that:

- Barnhart's motion [ECF No. 16] be **DENIED**;
- the Commissioner's motion [ECF No. 21] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Barnhart was born on March 1, 1970, making him 42 years old on his alleged onset date of January 29, 2013. [ECF No. 10-2, Tr. 12, 26]. He has past work as a security guard. [ECF No. 10-2, Tr. 15]. He alleged disability due to a heart condition, fibromyalgia, chronic fatigue syndrome, chronic obstructive pulmonary disease (COPD), asthma, sleep apnea, depression, anxiety and gastroesophageal reflux disease (GERD). [ECF No. 10-3, Tr. 51].

After the Commissioner denied his disability application initially, Barnhart requested a hearing. [ECF No. 10-4, Tr. 81]. Barnhart and a vocational expert (VE) testified during the July 2017 hearing. [ECF No. 10-2, Tr. 23-45]. In an August 2017 written decision, the ALJ found Barnhart to be not disabled. [*Id.*, Tr. 10-17]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Barnhart timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

3

and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Barnhart was not disabled. At the first step, she found that Barnhart had not engaged in substantial gainful activity from his alleged onset date through his date last insured (DLI), December 31, 2013. [ECF No. 10-2, Tr. 12]. At the second step, the ALJ found that Barnhart had the severe impairments of coronary artery disease, asthma, obstructive sleep apnea, and obesity. [*Id.*]. The ALJ noted the indeterminate diagnosis of fibromyalgia, but did not designate it as a severe impairment. [*Id.*, Tr.12-13]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 13]. Between the third and fourth steps, the ALJ found that Barnhart had the RFC to perform light work as defined by 20 C.F.R. § 404.1527(b) "with the option to sit and stand at 10 minutes (sic) intervals; occasionally stopping (sic), kneeling, crouching, crawling and climbing stairs but never ladders, avoiding concentrated exposure to fumes, odors, gases, dusts and

pulmonary irritants; and no exposure to work hazards such as dangerous machinery or unprotected heights." [*Id.*, Tr. 14].

At the fourth step, the ALJ concluded that Barnhart could not perform his past relevant work. [*Id.,* Tr. 15]. At the final step, after considering Barnhart's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that Barnhart could perform work in occupations such as inspector, packager and information clerk, which exist in significant numbers in the national economy. [*Id.*, Tr. 16].

## II.  ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Barnhart asserts that ALJ erred by failing to designate fibromyalgia as a severe impairment and that, as a result, her subjective symptom evaluation and treating physician opinion analysis were flawed. The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

At step two of the disability analysis, the ALJ considers the severity of a claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). Courts construe "step two as a de minimis hurdle, intended to 'screen out totally groundless claims.'" *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x. 593, 597 (6th Cir. 2018) (quoting *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x 574, 576 (6th Cir. 2009)) (internal citations omitted). If an ALJ determines that any of a claimant's impairments is severe, she must "consider the limitations and restrictions imposed by *all* of an individual's impairments, even those that are not severe." *Id.* (internal quotations omitted). Because all impairments are to be considered "in the remaining steps of the disability determination, any perceived failure to 'find additional severe impairments at step two does not constitute reversible error.'" *Id.* (quoting *Fisk v. Astrue*, 253

F.App'x 580, 583 (6th Cir. 2007)) (internal quotations omitted). If the ALJ properly considers the impairment in the subsequent steps of the disability determination, any error at step two is harmless and the court need not decide whether the ALJ erred in failing to find that the controversial ailment constituted a severe impairment. *See id.* (citing *Fisk*, 253 F. App'x at 583).

Here, the ALJ she concluded that Barnhart's coronary artery disease, asthma, obstructive sleep apnea and obesity were severe impairments, but she did not classify Barnhart's alleged fibromyalgia as a severe impairment. [ECF No. 10-2, Tr. 12]. Despite this omission, the ALJ clearly considered Barnhart's primary fibromyalgia-related complaint—fatigue—throughout the remaining steps of the disability determination. [ECF No. 10-2, Tr.14-15]. She noted that Barnhart's myofascial pain was "not…reflective of a debilitating amount of discomfort," but acknowledged fatigue was Barnhart's "biggest problem." [*Id.*, Tr. 15]. She considered that he could live by himself, cook simple meals, wash clothes, vacuum, shop and regularly drive himself. Based on these activities, the ALJ determined that his articulated subjective complaints exceeded his actual limitations in 2013. [*Id.*]. The ALJ specifically credited Barnhart's "fatigue, generalized muscle and joint pain" in her assessment that the RFC provided the appropriate restrictions. [*Id.*]. Even if the ALJ erred in failing to designate

7

Barnhart's fibromyalgia as a severe impairment, that error is harmless because she considered his fatigue throughout the disability analysis. *See Fisk*, 253 F. App'x at 583. Thus, the Court does not need to decide whether fibromyalgia should have been considered a severe impairment. *See id.*

## C.

Barnhart argues that the ALJ discredited his fatigue because she found that, prior to his DLI, the etiology of his fatigue was unknown and because he did not clearly meet the diagnostic criteria for fibromyalgia. Barnhart notes that a claimant may adduce evidence sufficient to infer the onset of a condition before a definitive diagnosis was made. *See* SSR 83-20, 1983 WL 31249, *3 (S.S.A.).[2] But "a diagnosis of fibromyalgia does not equate to a finding of disability or entitlement to benefits." *Stankoski v. Astrue*, 532 F. App'x 614, 619 (6th Cir. 2013) (citing *Vance v. Comm'r of*

---

[2] Social Security Ruling 83-20 governed the determination of disability onset date until it was rescinded and replaced on October 2, 2018 with Social Security Rulings 18-1p and 18-2p. SSR 18-01p, 2018 WL 4945639, *1 (S.S.A. Oct. 2, 2018); SSR 18-02P, 2018 WL 4945640, *1 (S.S.A. Oct. 2, 2018). The Social Security Administration has indicated, "Federal Courts will review our final decisions using the rules that were in effect at the time we issued the decisions." SSR 18-01p, 2018 WL 4945639 at *7. The ALJ issued Barnhart's disability decision on August 31, 2017 and the Appeals Council affirmed this decision on April 5, 2018. [ECF No. 10-2, Tr. 1, 7]. Thus, SSR 83-20 was still in effect at the time of the final decision of the Commissioner. *Gullas v. Berryhill*, 2019 WL 1261419, at *13 (N.D. Ohio Feb. 5, 2019), *adopted,* 2019 WL 1589915 (N.D. Ohio Apr. 12, 2019).

*Soc.Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008)).  Fibromyalgia must be analyzed under the traditional five-step evaluation process used for analyzing other claims for disability and plaintiffs must still produce "objective medical findings regarding the physical limitations imposed by fibromyalgia."  *Stolz v. Berryhill*, 2019 WL 2291466, *3 (E.D. Ky. May 29, 2019); SSR 12-2p, 2012 WL 3104869, at *1. As discussed above, the ALJ considered and credited Barnhart's fatigue, his salient fibromyalgia symptom in 2013, but concluded the record as a whole, particularly his self-reported activities, did not support the severity of his complaints and determined he retained the ability to work with RFC's restrictions.

**D.**

Barnhart asserts that the opinion of his treating neurologist, James Teener, M.D., supplied the necessary findings to establish his fibromyalgia as disabling, and that the ALJ erred in assigning it no weight.  Dr. Teener's opinion professedly reflects Barnhart's functional limitations from January 29, 2013 to the date of the report, July 13, 2017, but Dr. Teener did not begin treating Barnhart until 2015, nearly two years after the DLI.  [ECF No. 10-2, Tr. 14; ECF No. 10-16, Tr. 553-57].

A retrospective medical opinion may be entitled to the same deference given to all treating physician opinions.  *Terry v. Comm'r of*

9

*Soc.Sec.*, 2015 WL 12712079, *10 (E.D. Mich. July 14, 2015). But a retrospective opinion is entitled to no deference if the treating physician had no first-hand knowledge of the claimant's condition prior to her date last insured. *Little v. Comm'r of Soc. Sec.*, 2017 WL 4276968, *4 (E.D. Mich. Sept. 27, 2017) (citing *Clendening v. Astrue*, 2011 WL 1130448, *5 (N.D. Ohio 2011), aff'd, 482 F. App'x 93 (6th Cir. 2012)); *see also*, *Mellon v. Comm'r of Soc.Sec.*, 2016 WL 908895, *11 (E.D. Mich. Feb. 9, 2016). Dr. Teener's retrospective opinion was properly disregarded by the ALJ because he had no first-hand knowledge of Barnhart's condition before December 31, 2013, his DLI.

Substantial evidence in the record supports the ALJ's decision. "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations and internal quotation marks omitted).

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Barnhart's motion for summary judgment be [ECF No. 16] be **DENIED**; that the Commissioner's motion [ECF No. 21] be **GRANTED**; and that the ALJ's

decision be **AFFIRMED**.

                                                                      s/Elizabeth A. Stafford
                                                                      ELIZABETH A. STAFFORD
Dated: June 24, 2019                      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

11

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2019.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager