UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARTIN BARNHART,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 18-cv-11753
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #24) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #23), (2) ADOPTING THE DISPOSITION RECOMMENDED BY THE MAGISTRATE JUDGE, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #21), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #16)**

In this action, Plaintiff Michael Martin Barnhart challenges the denial of his application for supplemental security income ("SSI") due to disability. (*See* Compl., ECF #1.) Both parties have moved for summary judgment. (*See* Motions, ECF ##16, 21.) On June 24, 2019, the assigned Magistrate Judge issued a Report and Recommendation in which she recommends that the Court grant the Commissioner of Social Security's motion and deny Barnhart's motion (the "R&R," ECF #23). Barnhart has now filed timely objections to the R&R (the "Objections"). (*See* Objections, ECF #24). For the reasons explained below, the Court **OVERRULES** the Objections, **ADOPTS** the disposition recommended by the Magistrate Judge,

1

**GRANTS** the Commissioner's motion for summary judgment (ECF #21), and **DENIES** Barnhart's motion for summary judgment (ECF #16).

# I

## A

The issue Barnhart raises in the Objections is straightforward and does not require a detailed discussion of the factual or procedural background of this action. The essential background is as follows.

In the social security disability benefits context, the term "date last insured" means "the date on which [a claimant] ceased to be covered by social security disability insurance." *Williams v. Colvin*, 757 F.3d 610, 615 (7th Cir. 2014). In this case, Barnhart's date last insured was December 31, 2013. Thus, in order to establish his entitlement to disability benefits, Barnhart must show that he was disabled as of December 31, 2013.

Barnhart claims that as of December 31, 2013, he had several medically determinable impairments, including fibromyalgia, and that these impairments rendered him disabled. To support that contention during the administrative proceedings in this action, Barnhart offered, among other evidence, a disability statement completed by Dr. James Teener, one of Barnhart's treating physicians. (*See* Teener Statement, ECF #10-16 at Pg. ID 602-06.) In that statement, Dr. Teener opined that Barnhart suffered from a number of symptoms consistent with

2

fibromyalgia before December 31, 2013. Barnhart contends that Dr. Teener's statement, when considered in conjunction with the other evidence in the record, established that Barnhart suffered from fibromyalgia prior to December 31, 2013.

The Administrative Law Judge who presided over Barnhart's evidentiary hearing (the "ALJ") disagreed. The ALJ determined that while Barnhart had a number of medically-determinable impairments before December 31, 2013, fibromyalgia was not one of those impairments.

In reaching that conclusion, the ALJ assigned no weight to Dr. Teener's opinion. The ALJ found Dr. Teener's statement unpersuasive as to whether Barnhart suffered from fibromyalgia prior to December 31, 2013, because the statement (1) lacked a firm diagnosis of fibromyalgia and (2) failed to explain how Dr. Teener, who did not begin treating Barnhart until 2015, had a basis to opine as to Barnhart's symptoms and condition prior to December 31, 2013. (*See* ALJ Decision, ECF #10-2 at Pg. ID 49.) The ALJ assessed Dr. Teener's statement as follows:

> Dr. Teener's recent statement that the claimant was disabled from fatigue, myofascial pain, arthralgias, and medication side effects, is not entitled to any weight. This doctor did not start seeing the claimant until 2015, long after his insured status had expired, and he was not even sure if the claimant met the diagnostic criteria for fibromyalgia. This assessment does not give a firm diagnosis and is well after 2013. It appears to have been generated in an effort to bolster the claimant's case, and the undersigned discounts it accordingly.

(*See* ALJ Decision, ECF #10-2 at Pg. ID 49.)

3

The ALJ ultimately concluded that Barnhart was not disabled because even though Barnhart could not perform his past work as a security guard, he could perform several other jobs in the national economy that involved a more limited residual functional capacity. (*See id.* at Pg. ID 48-50.)

## B

In this action, Barnhart claims that the ALJ erred when she (1) rejected Dr. Teener's opinion and (2) concluded that fibromyalgia was not one of Barnhart's medically-determinable impairments. In Barnhart's motion for summary judgment, he contends that the Court should reverse the ALJ's decision or, at minimum, remand for further proceedings "to correct the [ALJ's claimed] errors" with respect to Dr. Teener's disability statement and the conclusion that Barnhart did not suffer from fibromyalgia prior to December 31, 2013. (Mot., ECF #16 at Pg. ID 663.)

The assigned Magistrate Judge disagrees with Barnhart. She recommends that the Court grant summary judgment against Barnhart and in favor of the Commissioner. (*See* R&R, ECF #23 at Pg. ID 712.)

## C

Barnhart has now filed the Objections to the R&R. (*See* Objections, ECF #24.) In the Objections, Barnhart frames the sole issue before this Court as follows:

> At issue in this appeal is whether the ALJ committed legal error in failing to consider medical evidence outside the period at issue (onset (January 29, 2013) and Mr. Barnhart's date last insured (December 31, 2013). This

4

> legal error was not harmless because it resulted in the ALJ's failure to find fibromyalgia a medically determinable impairment. This failure, in turn, resulted in error in the evaluation of Mr. Barnhart's experience of symptoms, primarily fatigue.

(*Id.* at Pg. ID 716.) According to Barnhart, the medical evidence that the ALJ failed to consider is Dr. Teener's disability statement. (*See id*. at Pg. ID 718-20.)

## II

Where a party objects to a portion of a Magistrate Judge's report and recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III

The Court overrules Barnhart's Objections and concludes that he is not entitled to summary judgment. The ALJ correctly concluded that Dr. Teener's disability statement did not establish fibromyalgia as one of Barnhart's medically-determinable impairments prior to December 31, 2013. Therefore, the Magistrate Judge did not err in recommending that the Court deny Barnhart's motion for summary judgment and grant the Commissioner's motion.

As Barnhart acknowledges, Social Security Ruling ("SSR") 12-2p explains how the Commissioner determines whether fibromyalgia rises to the level of a

5

medically-determinable impairment. (Objections, ECF #24 at Pg. ID 718.) In relevant part, SSR 12-2p provides:

> We will find that a person has an [medically determinable impairment] of [fibromyalgia] if the physician diagnosed [fibromyalgia] and provides the evidence we describe in section II.A. or section II.B., and the physician's diagnosis is not inconsistent with the other evidence in the person's case record. These sections provide two sets of criteria for diagnosing [fibromyalgia], which we generally base on the 1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia.

SSR 12-2p, 2016 WL 3104869, at *2.

Dr. Teener's statement does not satisfy SSR 12-2p. As the ALJ highlighted, Dr. Teener said that he was "uncertain" whether Barnhart met "either the American College of Rheumatology's 1990 criteria or ACR's 2010 Preliminary Diagnostic Criteria for fibromyalgia." (Dr. Teener Statement, ECF #10-16 at Pg. ID 602.) Given Dr. Teener's uncertainty, the ALJ did not err in concluding that Dr. Teener's statement did not establish fibromyalgia as one of Barnhart's medically determinable impairments.

Barnhart counters that the ALJ misunderstood Dr. Teener's uncertainty. According to Barnhart, Dr. Teener concluded that Barnhart satisfied one of the two relevant diagnostic criteria for fibromyalgia but was "uncertain" only as to *which* of the two criteria Barnhart satisfied. (*See* Objections, ECF #24 at Pg. ID 718-19.) But that is not what Dr. Teener said. As quoted above, Dr. Teener said that he was

6

"uncertain" as to whether Barnhart met "*either* the American College of Rheumatology's 1990 criteria *or* ACR's 2010 Preliminary Diagnostic Criteria for fibromyalgia." (Dr. Teener Statement, ECF #10-16 at Pg. ID 602; emphasis added.) The most natural reading of Dr. Teener's statement is that he could not state with certainty that Barnhart satisfied either of the diagnostic criteria. And while, as Barnhart notes, Dr. Teener did "identify findings consistent with both sets of criteria" (Objections, ECF #24 at Pg. ID 719), the ALJ did not err in focusing on Dr. Teener's ultimate uncertainty as to whether either criteria were satisfied.

Furthermore, the ALJ reasonably concluded that Dr. Teener's statement did not provide reliable evidence concerning Barnhart's condition *prior to December 31, 2013*. Dr. Teener did not begin treating Barnhart until 2015. Dr. Teener's statement does not explain or describe how he had any basis on which to offer opinions concerning Barnhart's condition prior to December 31, 2013. For instance, Dr. Teener does not say that he reviewed medical records or test results from 2013, nor does he say that he communicated with any physicians concerning Barnhart's condition during that period. Because Dr. Teener's statement does not offer any explanation for the basis of his opinion concerning Barnhart's condition before Dr. Teener began treating him, the ALJ properly declined to give the opinion any weight.

Barnhart has argued that Dr. Teener did, in fact, have a basis on which to opine about Barnhart's condition prior to December 31, 2013. (*See* Barnhart Prehearing

7

Brief, ECF #10-6 at Pg. ID 258-59.) In support of that contention, Barnhart highlighted that Dr. Teener had "ready access" to Barnhart's medical records that were created before that date. (*Id.* at Pg. ID 259.) But Barnhart did not identify any evidence that Dr. Teener (1) had actually reviewed Barnhart's records from 2013 or (2) had relied upon those records when offering his opinions on the disability statement. Barnhart also highlighted Dr. Teener's statement that the doctor "agree[d] with rheumatology that Mr. Barnhart's presentation is consistent with fibromyalgia." (*Id.*) But the observations by "rheumatology" that Dr. Teener mentioned were made by the University of Michigan Rheumatology Clinic *in 2014*. (*See id.* at Pg. ID 258.) Thus, Dr. Teener's agreement with opinions expressed by the medical staff of the rheumatology clinic is not tantamount to a diagnosis that Barnhart suffered from fibromyalgia *in 2013*. For all of these reasons, the ALJ did not err when she concluded that Dr. Teener's statement did not establish that Barnhart had fibromyalgia as a medically determinable impairment prior to December 31, 2013.

Finally, the other medical evidence submitted by Barnhart – when considered in conjunction with Dr. Teener's statement – did not establish fibromyalgia as one of his medically-determinable impairments prior to December 31, 2013. For instance, Barnhart submitted medical records from Dr. Brian James Brophy, whom Barnhart saw for treatment during 2013. However, Dr. Brophy did not definitively

8

diagnose Barnhart with fibromyalgia. Instead, Dr. Brophy consistently opined that the etiology of Barnhart's fatigue and other symptoms was "not entirely clear" or "not clear." (Brophy Statements, ECF #10-9 at Pg. ID 350, 352, 360, 368.) Dr. Brophy underscored his lack of certainty when he observed only that fibromyalgia was "*possibly … contributing*" to Barhnart's fatigue and other symptoms and that Barnhart's condition "*seem[ed]* to be a fibromyalgia like issue." (Brophy Statement, ECF #10-9 at Pg. ID 352; emphasis added.) After Dr. Brophy examined Barnhart in December 2013, he (Dr. Brophy) did say that he felt Barnhart's fatigue was "most likely due to fibromyalgia," but Dr. Brophy again stressed that the "etiology [was] not entirely clear" and that the etiology was "[p]ossibly mood disorder." (*Id*. at Pg. ID 368.) Barnhart has not shown that Dr. Brophy ever actually diagnosed Barnhart as suffering from fibromyalgia before December 31, 2013.

Barnhart has also submitted records from Debra Rizzo, a nurse practitioner in rheumatology, but for two reasons, these records do not establish that Barnhart had fibromyalgia as a medically-determinable impairment before December 31, 2013. First, a nurse practitioner is not an acceptable medical source in this context. *See* SSR 12-2p, 2012 WL 3104869, at *2 (providing that a "licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide" evidence establishing that a person has a medically determinable impairment of fibromyalgia). Moreover, Rizzo examined Barnhart and assessed his

9

condition as of March 2014, and she did not purport to diagnose his condition prior to December 31, 2013.

Simply put, Barnhart failed to present evidence that a physician actually diagnosed him as suffering from fibromyalgia prior to December 31, 2013, and thus Barnhart has failed to show that his claimed fibromyalgia was a medically-determinable impairment under SSR 12-2p prior to that date. Accordingly, the ALJ did not commit error when she declined to find that fibromyalgia was one of Barnhart's medically-determinable impairments prior to December 31, 2013.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Barnhart's Objections to the R&R (ECF #24) are **OVERRULED**;

- The recommended disposition of the R&R (ECF #23) is **ADOPTED**;

- The Commissioner's Motion for Summary Judgment (ECF #21) is **GRANTED**; and

- Barnhart's Motion for Summary Judgment (ECF #16) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2019, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (810) 341-9764